UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT SOGA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 17-cv-3411 |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| BRENNAN EQUIPMENT MANUFACTURING, INC. and BEST PRACTICES STAFFING, INC. d/b/a BP STAFFING, | ) ) ) ) | **JURY DEMANDED** |
| | ) | |
| Defendants. | ) | |

Now comes the Plaintiff, SCOTT SOGA, by and through his attorneys, and for his Complaint against the Defendants, BRENNAN EQUIPMENT MANUFACTURING, INC. and BEST PRACTICES STAFFING, INC. d/b/a BP STAFFING, Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENT**

1. This is a complaint for damages and equitable and injunctive relief for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* and Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000(e)-2.

**PARTIES**

2. Plaintiff is a citizen of the United States who, at the time he was employed by Defendants, resided in Monee, Illinois.

3. Plaintiff was employed by Defendants beginning on February 7, 2017. At the time of his termination, Plaintiff was employed by Defendants as a Steel Parts Maker.

4. On information and belief, Defendant Brennan EQUIPMENT MANUFACTURING, INC. ("Brennan") is a corporation of the State of Illinois whose principal place of business is located in University Park, Illinois.

5. On information and belief, Defendant BEST PRACTCIES STAFFING, INC. d/b/a BP STAFFING ("BP Staffing") is a corporation of the State of Illinois whose principal place of business is located in Frankfort, Illinois.

6. Plaintiff and Defendants are "persons" as defined in 42 U.S.C. § 2000e(a).

7. Plaintiff is an "employee" within the meaning of the ADA, 42 U.S.C. § 12111(4), as he is an individual who was at all relevant times employed by employers, the Defendants herein.

8. Plaintiff is also an "employee" as defined in 42 U.S.C. § 2000e(f), as he is an individual who was at all relevant times employed by employers, the Defendants herein.

9. Defendants are both "employers" within the meaning of the ADA, 42 U.S.C. § 12111(5), as they are "persons" engaged in an industry affecting commerce who had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

10. Defendants are also "employers" as defined in 42 U.S.C. § 2000e(b), as, on information and belief, they engaged in an industry affecting commerce and had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

## JURISDICTION AND VENUE

11. Jurisdiction is proper in this court pursuant to 28 U.S.C. §§ 1343 and 1331 to secure protection of and to address deprivation of rights secured by 42 U.S.C. §§ 2000e-2 and 2000e-5, providing for declaratory, injunctive, compensatory, punitive, and other relief in cases of

employment discrimination based on race and based on disability. Plaintiff also seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

12. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this judicial district.

**BACKGROUND FACTS**

13. Plaintiff suffers from bipolar disorder, a condition which qualifies Plaintiff as a "qualified individual with a disability" as defined by 42 U.S.C. § 12131(2). Plaintiff was diagnosed with bipolar disorder during or about 1996.

14. On February 7, 2017, Plaintiff began working at Brennan's facility.

15. BP Staffing placed Plaintiff with Brennan as part of their regular job placement.

16. During his time at Brennan, Plaintiff received harassment and was subjected to different terms and conditions of employment than other employees.

17. Plaintiff's supervisor repeatedly harassed Plaintiff by calling him "white boy," "honkey," and "stupid."

18. When Plaintiff complained of his treatment by his supervisor, Brennan managers ignored his complaints and laughed at him.

19. Plaintiff continued working at Brennan for two weeks despite the treatment to which he was subjected by his supervisor.

20. On or about February 20, 2017, Plaintiff notified BP Staffing that he would not be returning to work at Brennan due to the hostile work environment.

21. On or about February 27, 2017, BP Staffing terminated Plaintiff's employment for not reporting to work at Brennan.

22.    All conditions precedent to this Court's jurisdiction have occurred or have been complied with. Specifically:

    a.    Plaintiff filed a Charge of Discrimination against Brennan and BP Staffing, numbers 440-2017-03123 and 440-2017-03074, with the Equal Employment Opportunity Commission ("EEOC") on or about April 6, 2017.

    b.    The EEOC issued a Notice of Suit Rights to Plaintiff for said charges on April 18, 2017.

## COUNT I (vs. BRENNAN)

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

23.    Plaintiff incorporates all of the allegations and statements contained in paragraphs 1 through 22 above as if reiterated herein.

24.    Brennan intentionally discriminated against Plaintiff on the basis of his disability in one or more of the following ways

    a.    Failing to reasonably accommodate his disability;

    b.    Constructively terminating him because of his disability; and/or

    c.    Retaliating against him for requesting reasonable accommodations due to his disability.

25.    Brennan's actions were in willful and wanton violation of Plaintiff's rights.

Wherefore, Plaintiff SCOTT SOGA, respectfully prays this Honorable Court enter judgment against Defendant, BRENNAN EQUIPMENT MANUFACTURING, INC., as follows:

    a.    Declaring Brennan's practices complained of herein unlawful and in violation of the ADA;

b. Permanently enjoining Brennan, its agents, successors, officers, employees, representatives, attorneys and those acting in concert with it or them from engaging in the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

c. Ordering modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law, ensuring Brennan will not continue to discriminate on the basis of disability;

d. Immediately assigning Plaintiff to the position he would now be occupying but for the discriminatory practices of Brennan, and adjusting the wage rates, salaries, bonuses and benefits for Plaintiff to those which he would have received but for the discriminatory practices of Brennan, or awarding Plaintiff front-end and future pay, as Plaintiff may subsequently elect;

e. Compensating and making Plaintiff whole for all other damages Plaintiff incurred as a result of the discriminatory practices of Brennan;

f. Awarding Plaintiff all witness fees, court costs and other litigation costs incurred in this Action, including reasonable attorneys' fees; and

g. Awarding Plaintiff liquidated and/or punitive damages for Brennan's willful conduct, and granting such other relief as may be just and proper.

## COUNT II (vs. BRENNAN)

## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

26. Plaintiff incorporates all of the allegations and statements contained in paragraphs 1 through 25 above as if reiterated herein.

27. Brennan, in violation of the provisions of 42 U.S.C. § 2000e, has denied and continues to deny Plaintiff an equal opportunity for employment due to his race.

28. During Plaintiff's employment with Brennan, he was subjected to racial discrimination in that there was a double standard between treatment of African-American employees and Caucasian employees. Plaintiff's African-American counterparts were not subjected to the discriminatory treatment to which Plaintiff was subjected.

29. Brennan, through its employees, agents and/or authorized representatives, knew that its discriminatory treatment of Plaintiff because of his race violated Title VII.

30. This is a proceeding for declaratory judgment as to Plaintiff's right of a permanent injunction restraining Brennan from maintaining a policy, practice, usage or custom of discriminating against Plaintiff because of his race with respect to compensation, terms, conditions and/or privileges of employment, depriving Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee, because of his race. This Complaint also seeks restitution to Plaintiff for the denial of all of his rights, privileges, benefits and income that would have been received by him, but for Brennan's unlawful and illegal discriminatory acts and practices.

31. Plaintiff has no plain, adequate or complete remedy at law to address the wrongs alleged herein, and this suit for injunctive relief is his only means of securing adequate relief.

Plaintiff is now suffering and will continue to suffer irreparable injury from Brennan's policy, practice, custom and usage as set forth herein, unless and until it is enjoined by the Court.

Wherefore, Plaintiff SCOTT SOGA, respectfully prays this Honorable Court enter judgment against Defendant BRENNAN EQUIPMENT MANUFACTURING, INC., as follows:

a.  Declaring Brennan's practices complained of herein unlawful and in violation of Title VII;

b.  Permanently enjoining Brennan, its agents, successors, officers, employees, representatives, attorneys and those acting in concert with it or them from engaging in the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

c.  Ordering modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law, ensuring Brennan will not continue to discriminate on the basis of race;

d.  Immediately assigning Plaintiff to the position he would now be occupying but for the discriminatory practices of Brennan, and adjusting the wage rates, salaries, bonuses and benefits for Plaintiff to those which he would have received but for the discriminatory practices of Brennan, or awarding Plaintiff front-end and future pay;

e.  Compensating and making Plaintiff whole for all earnings, wages, bonuses and other benefits that Plaintiff would have received but for the discriminatory practices of Brennan;

      f.      Compensating and making Plaintiff whole for all other damages Plaintiff incurred as a result of the discriminatory practices of Brennan;

      g.      Awarding plaintiff witness fees, court costs and other litigation costs incurred in this Action; including reasonable attorneys' fees; and

      h.      Awarding plaintiff liquidated and/or punitive damages for Brennan's willful conduct, and granting such other relief as may be just and proper.

## COUNT III (vs. BP STAFFING)

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

32.    Plaintiff incorporates all of the allegations and statements contained in paragraphs 1 through 31 above as if reiterated herein.

33.    BP Staffing intentionally discriminated against Plaintiff on the basis of his disability in one or more of the following ways:

      a.      Failing to reasonably accommodate his disability;

      b.      Terminating him because of his disability; and/or

      c.      Retaliating against him for requesting reasonable accommodations due to his disability/

34.    BP Staffing's actions were in willful and wanton violation of Plaintiff's rights.

Wherefore, Plaintiff SCOTT SOGA, respectfully prays this Honorable Court enter judgment against Defendant, BEST PRACTCIES STAFFING, INC. d/b/a BP STAFFING as follows:

      a.      Declaring BP Staffing's practices complained of herein unlawful and in violation of the ADA;

    b.    Permanently enjoining BP Staffing, its agents, successors, officers, employees, representatives, attorneys and those acting in concert with it or them from engaging in the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

    c.    Ordering modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law, ensuring BP Staffing will not continue to discriminate on the basis of disability;

    d.    Immediately assigning Plaintiff to the position he would now be occupying but for the discriminatory practices of BP Staffing, and adjusting the wage rates, salaries, bonuses and benefits for Plaintiff to those which he would have received but for the discriminatory practices of BP Staffing, or awarding Plaintiff front-end and future pay, as Plaintiff may subsequently elect;

    e.    Compensating and making Plaintiff whole for all other damages Plaintiff incurred as a result of the discriminatory practices of BP Staffing;

    f.    Awarding Plaintiff all witness fees, court costs and other litigation costs incurred in this Action, including reasonable attorneys' fees; and

    g.    Awarding Plaintiff liquidated and/or punitive damages for BP Staffing's willful conduct, and granting such other relief as may be just and proper.

## COUNT IV (vs. BP STAFFING)

## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

35. Plaintiff incorporates all of the allegations and statements contained in paragraphs 1 through 34 above as if reiterated herein.

36. BP Staffing, in violation of the provisions of 42 U.S.C. § 2000e, has denied and continues to deny Plaintiff an equal opportunity for employment due to his race.

37. During Plaintiff's employment with BP Staffing, he was subjected to racial discrimination in that there was a double standard between treatment of African-American employees and Caucasian employees. Plaintiff's African-American counterparts were not subjected to the discriminatory treatment to which Plaintiff was subjected.

38. BP Staffing, through its employees, agents and/or authorized representatives, knew that its discriminatory treatment of Plaintiff because of his race violated Title VII.

39. This is a proceeding for declaratory judgment as to Plaintiff's right of a permanent injunction restraining BP Staffing from maintaining a policy, practice, usage or custom of discriminating against Plaintiff because of his race with respect to compensation, terms, conditions and/or privileges of employment, depriving Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee, because of his race. This Complaint also seeks restitution to Plaintiff for the denial of all of his rights, privileges, benefits and income that would have been received by him, but for BP Staffing's unlawful and illegal discriminatory acts and practices.

40. Plaintiff has no plain, adequate or complete remedy at law to address the wrongs alleged herein, and this suit for injunctive relief is his only means of securing adequate relief.

Plaintiff is now suffering and will continue to suffer irreparable injury from BP Staffing's policy, practice, custom and usage as set forth herein, unless and until it is enjoined by the Court.

Wherefore, Plaintiff SCOTT SOGA, respectfully prays this Honorable Court enter judgment against Defendant BEST PRACTCIES STAFFING, INC. d/b/a BP STAFFING, as follows:

    a. Declaring BP Staffing's practices complained of herein unlawful and in violation of Title VII;

    b. Permanently enjoining BP Staffing, its agents, successors, officers, employees, representatives, attorneys and those acting in concert with it or them from engaging in the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

    c. Ordering modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law, ensuring BP Staffing will not continue to discriminate on the basis of race;

    d. Immediately assigning Plaintiff to the position he would now be occupying but for the discriminatory practices of BP Staffing, and adjusting the wage rates, salaries, bonuses and benefits for Plaintiff to those which he would have received but for the discriminatory practices of BP Staffing, or awarding Plaintiff front-end and future pay;

e. Compensating and making Plaintiff whole for all earnings, wages, bonuses and other benefits that Plaintiff would have received but for the discriminatory practices of BP Staffing;

f. Compensating and making Plaintiff whole for all other damages Plaintiff incurred as a result of the discriminatory practices of BP Staffing;

g. Awarding plaintiff witness fees, court costs and other litigation costs incurred in this Action; including reasonable attorneys' fees; and

h. Awarding plaintiff liquidated and/or punitive damages for BP Staffing's willful conduct, and granting such other relief as may be just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action so triable, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

RESPECTFULLY SUBMITTED,

SCOTT SOGA

By: /s/ David B. Levin
Attorney for Plaintiff
Illinois Attorney No. 6212141
Law Offices of Todd M. Friedman, P.C.
111 West Jackson Blvd., Suite 1700
Chicago, IL 60604
Phone: (312) 212-4355
Fax: (866) 633-0228
dlevin@toddflaw.com